UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR A. BETANCOURT,<br><br>            Plaintiff,<br><br>     v.<br><br>TOTAL PROPERTY MANAGEMENT,<br><br>            Defendant. | Case No.   1:22-cv-00033-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED WITHOUT PREJUDICE<br><br>(ECF No. 2)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Cesar A. Betancourt, proceeding *pro se*, filed this lawsuit on January 7, 2022, generally alleging that Defendant Total Property Management has violated the "CARES Act" by "push[ing]" his wife to move out of the house in the middle of the pandemic and while she was recovering from a stroke.[1] (ECF No. 1). Plaintiff has also filed an application to proceed *in forma pauperis*. (ECF No. 2). Because review of the application indicates that Plaintiff can afford to pay the filing fee in this case, the Court recommends that the application be denied.

The "denial of leave to proceed *in forma pauperis* [is reviewed] for abuse of discretion."

---

[1] While the Court does not review the sufficiency of the complaint, at this stage, it notes that Plaintiff appears to be attempting to bring a claim on behalf of his wife, who is not a plaintiff, rather than on his own behalf. However, under Federal Rule of Civil Procedure 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest." Moreover, "[a] litigant appearing [*pro se*] has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).

*O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). Rather, "[a]n affidavit in support of an [*in forma pauperis*] application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234. However, "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

  Here, Plaintiff's application states that he is not currently employed but has $2000 in cash or checking or savings accounts. (ECF No. 2, pp. 1-2). While Plaintiff states that his wife and children are dependent on him, he does not state, as the form requires, how much he contributes to their support. (*Id.* at 2).

  Given that Plaintiff has $2000 in cash or checking or savings accounts, and that he fails to identify any expenses, Plaintiff can afford the $402.00 filing fee for this action based on the information presented. However, if Plaintiff believes that he has additional financial obligations that were not stated on his application, he may submit an amended application listing such obligations.

  Based on the foregoing, the Court HEREBY RECOMMENDS that:

  1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be DENIED without prejudice; and

  2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

  These findings and recommendations will be submitted to the United States district judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 12, 2022**              /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE