1
2
3
4
5
6
7                        UNITED STATES DISTRICT COURT
8                        EASTERN DISTRICT OF CALIFORNIA
9

10   CESAR A. BETANCOURT,                    Case No.   1:22-cv-00033-JLT-EPG

11                    Plaintiff,             FINDINGS AND RECOMMENDATIONS,
                                             RECOMMENDING THAT THIS ACTION BE
12        v.                                 DISMISSED, WITHOUT PREJUDICE

13   TOTAL PROPERTY MANAGEMENT,              OBJECTIONS, IF ANY, DUE WITHIN
                                             TWENTY-ONE DAYS
14                    Defendant.

15

16          Plaintiff Cesar A. Betancourt is proceeding *pro se* in this civil action. (ECF No. 1).

17   Despite the District Judge ordering Plaintiff to pay the $402 filing fee in this case, Plaintiff has

18   failed to do so. (ECF No. 4). Because Plaintiff has failed to pay the filing fee and comply with a

19   court order, the Court recommends dismissal of this case.

20        **I.      BACKGROUND**

21          Plaintiff filed this lawsuit on January 7, 2022, generally alleging that Defendant Total

22   Property Management has violated the "CARES Act" by "push[ing]" his wife to move out of the

23   house in the middle of the pandemic and while she was recovering from a stroke. (ECF No. 1, p.

24   5). On January 12, 2022, the Court concluded that the information provided by Plaintiff with his

25   *in forma pauperis* application indicated that he could afford to pay the filing fee and thus

26   recommended that Plaintiff's *in forma pauperis* application be denied without prejudice. (ECF

27   No. 3). The District Judge adopted the findings and recommendations on February 11, 2022, and

28   order Plaintiff to pay the filing fee within fourteen days, warning that failure to do so would result

                                                 1

in the dismissal of this action. (ECF No. 4). On February 17, 2022, Plaintiff filed a response to the February 11, 2022 order, attaching various documents, one of which indicated that he had applied for unemployment benefits. (ECF No. 5). However, Plaintiff failed to submit the filing fee as ordered and the time to do so has expired.

## II.   ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has failed to pay the filing fee as required by a court order. And while Plaintiff has filed a response containing a document indicating he applied for unemployment benefits, he has not asked the District Judge to reconsider the order for him to pay the filing fee. Nor does the Court recommend reconsidering that order. Notably, Plaintiff's *in forma pauperis* application indicated that Plaintiff was not currently employed but had $2000 in cash or checking or savings accounts. (ECF No. 2, pp. 1-2). Plaintiff's failure to pay the filing fee from his available funds has thus prevented this case from progressing. And, allowing this case to proceed further without any indication that Plaintiff will pay the filing fee would waste judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiffs' failure to comply with a court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiffs have chosen not to pay the filing fee, despite being warned of dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. (*See* ECF No. 4). And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

### III.    CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1.    This case be dismissed, without prejudice, because of Plaintiff's failure to pay the filing fee and comply with a court order; and

2.    The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

\\\

3

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 14, 2022**                    /s/ *Erica P. Grosjean*
                                                UNITED STATES MAGISTRATE JUDGE

4