UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR A. BETANCOURT,<br><br>            Plaintiff,<br><br>      v.<br><br>TOTAL PROPERTY MANAGEMENT,<br><br>            Defendant. | Case No.   1:22-cv-00033-JLT-EPG<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 6) |

Plaintiff Cesar A. Betancourt is proceeding *pro se* in this civil action, generally alleging that Defendant Total Property Management has violated the "CARES Act" by "push[ing]" his wife to move out of the house in the middle of the pandemic and while she was recovering from a stroke. (ECF No. 1, p. 5). After Plaintiff failed to pay the $402 filing fee in this case, the Court issued findings and recommendations on March 14, 2022, recommending that this action be dismissed without prejudice for failure to pay the filing fee. (ECF No. 6).

However, on March 22, 2022, Plaintiff paid the filing fee and filed objections to the findings and recommendations, stating that "[t]he market to find a place to live is too difficult to find a place to live" and that he "need[s] to protect [his] wife from [another] stroke." (ECF No. 7, p. 1). Additionally, the objections attach purported emails from what appears to be an agent of Defendant indicating that Plaintiff's tenancy will soon end. Lastly, Plaintiff's objections ask: "Can we request for a restriction order to them?" (*Id.*).

1

The Court construes this as a request for information on how to obtain a court order to stop his tenancy from being terminated. As an initial matter, if Plaintiff seeks any relief from the Court, he must file a motion stating the relief sought and the factual and legal grounds for seeking the order. *See* Fed. R. Civ. P. 7(b)(1). As for the type of relief sought, the Court provides Plaintiff with the following legal standards, which may be applicable:[1]

Federal Rule of Civil Procedure 65 allows a plaintiff to seek a preliminary injunction and temporary restraining order. A preliminary injunction may issue "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

A temporary restraining order may issue without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B). On the merits, the same standards for obtaining a preliminary injunction apply. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *Bryant v. Matvieshen*, 904 F. Supp. 2d 1034, 1042 (E.D. Cal. 2012) ("The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction."). Further, temporary restraining orders should be limited to "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of*

---

[1] Although the Court provides standards that may be applicable, the Court is not determining that a preliminary injunction or temporary restraining order would be appropriate here.

*Alameda Cty.*, 415 U.S. 423, 439 (1974).

Because Plaintiff has paid the filing fee, the Court will vacate the March 14, 2022 findings and recommendations. Additionally, the Court will issue a separate order setting a settlement conference that will contain information that Plaintiff needs to review to be able to progress this case.

Accordingly, IT IS ORDERED as follows:

Because Plaintiff has paid the filing fee, the Court vacates its March 14, 2022 findings and recommendations. (ECF No. 6).

IT IS SO ORDERED.

Dated:  **March 23, 2022**                    /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE