1

2

3

4

5

6

7

8                                 **UNITED STATES DISTRICT COURT**

9                                 **EASTERN DISTRICT OF CALIFORNIA**

10

11   CESAR BETANCOURT,                          )   Case No.: 1:22-cv-0033 JLT EPG
                                                )
12              Plaintiff,                       )   ORDER DENYING PLAINTIFF'S REQUEST TO
                                                )   REPRESENT HIS WIFE
13        v.                                     )   (Doc. 20)
                                                )
14   TOTAL PROPERTY MANAGEMENT,                  )   ORDER GRANTING DEFENDANT'S MOTION
                                                )   TO DISMISS FOR LACK OF JURISDICTION
15              Defendant.                       )   AND DIRECTING THE CLERK OF COURT TO
                                                )   CLOSE THE MATTER
16                                              )   (Doc. 16)
                                                )
17   _____        )

18          Cesar Betancourt asserts that Total Property Management pushed his wife, Deirdre Martinez, to

19   move out of a house in the middle of the Covid-19 pandemic.  (Doc. 1 at 5.)  Betancourt seeks to hold

20   Total Property Management liable for violations of the CARES Act (the Coronavirus Aid, Relief, and

21   Economic Security Act) and California's Tenant Relief Act, AB 3088.  In addition, Betancourt seeks

22   leave to represent his wife in the matter.  (Doc. 20.)

23          Total Property Management seeks dismissal of the complaint under Rules 12(b)1) and 12(b)(6)

24   of the Federal Rules of Civil Procedure, asserting the Court lacks subject matter jurisdiction and

25   Betancourt fails to state a claim upon which relief may be granted.  (Doc. 16.)  The Court found the

26   motion suitable for decision without oral argument, and the matter was taken under submission

27   pursuant to Local Rule 230(g).  (*See* Doc. 17.)  For the reasons set forth below, the motion to dismiss

28   for lack of jurisdiction is **GRANTED**.

                                                   1

1    **I.      Background and Allegations**

2         Betancourt asserts he and his wife, Deirdre Martinez, are "living in 2022 Muscat Ave" in

3    Tulare, California.  (Doc. 1 at 6.)  He contends they are "current with the rent."  (*Id.*)  However,

4    Betancourt alleges "[his] wife ... was pushed by the management agency to move out of the house in

5    the middle of the pandemic" and she suffered a stroke.  (*Id.*)  Betancourt asserts his wife is very sick,

6    and the management company knows yet is "still pushing" the move.  (*Id.*)  Based upon these facts,

7    Betancourt seeks to hold Total Property Management liable for violations of the CARES Act and

8    California AB 3088.  (*Id.* at 4.)  Betancourt seeks damages for his wife's physical and mental care,

9    including doctors, medicine, therapies, "and a relax[ing] place to recover[]."  (*Id.* at 6.)

10        TPM contends the Court lacks jurisdiction over the matter, because the CARES Act does not

11   provide a private right of action and AB 3088 is a state law.  (Doc. 16 at 3-4.)  In addition, TPM

12   argues "it has no liability to Plaintiff" because TPM is an agent of the property owners, Arnold Benaza

13   Gancenia and Eliza Santos Gancenia.[1]  (*Id.* at 4.)  Finally, TPM asserts the matter "should be

14   dismissed due to the failure to join the real party in interest," as Betancourt "does not allege he

15   suffered any damage; only his wife."  (*Id.* at 5.)  TPM filed the motion to dismiss now pending before

16   the Court on May 16, 2022.  (*Id.*)  Betancourt did not oppose the motion.  However, Betancourt filed a

17   motion to represent his wife on June 6, 2022.  (Doc. 20.)

18   ///

19

20        [1] TPM requests the Court take judicial notice of the grant deed for the property located at 2022 Muscat Avenue
     identifying the property owners as Arnold Benaza Gancenia and Eliza Santos Gancenia and a website page identifying
21   TPM as a property manager.  (Doc. 15 at 2.)  The Court may take judicial notice of a fact that "is not subject to reasonable
     dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily
22   determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "A court shall take judicial
     notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(c)(2).
23        The Court may take judicial notice of the grant deed as a matter of public record. *See No Casino in Plymouth v.
     Nat'l Indian Gaming Comm'n,* 2022 WL 1489498, at *7 (E.D. Cal. May 10, 2022) ("Courts often take judicial notice of
24   grant deeds and similar documents of public record"); *see also Lingad v. Indymac Fed. Bank*, 682 F. Supp. 2d 1142, 1146
     (E.D. Cal. 2010) (taking judicial notice of a deed of trust as a publicly recorded document).  Accordingly, the request to
25   take judicial notice of the grant deed is granted.
          On the other hand, the web home page for TPM is not a source whose accuracy cannot be reasonably questioned.
26   *See Richard Janssen GmbH. v. Sacramento Packing, Inc.*, 2019 WL 5829679, at *5 (E.D. Cal Nov. 6, 2019) observing that
     information on a website may "not blindly [be] accepted as truth"); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d
27   769, 782 (C.D. Cal. 2004) ("[p]rintouts from a web site" must be authenticated with "some statement or affidavit").
     Therefore, the request for judicial notice of the web page is denied. Nevertheless, the Court notes Betancourt refers to TPM
28   as a "management agency" in the complaint (Doc. 1 at 6) and does not dispute TPM's status as a property manager.

1  **II.    Motion to Represent Another**

2      Betancourt is proceeding *pro se* in this action, and now requests he be able to represent the

3  claims of his wife in this action.  (Doc. 20.)  Betancourt asserts his wife "is under stress and has not

4  been able to recuperate in a proper manner."  (*Id.* at 1, emphasis omitted.)  In support of the request,

5  Betancourt attached a letter from Dr. Ramu Thiagarajan, a neurologist, who reported Martinez is under

6  her care and has "residual hemiparesis and aphasia even though it has been a year since the stroke."

7  (*Id.* at 5.)  Dr. Thiagarajan indicated Martinez would not "be able to attend the court hearing as a

8  witness" and "might take another 6 months for recovery."  (*Id.*)

9      Significantly, a non-lawyer may not represent anyone but themselves. *Johns v. County of San*

10 *Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *C. E. Pope Equity Trust v. United States*, 818 F.2d 696, 697

11 (9th Cir. 1987) (a non-lawyer "has no authority to appear as an attorney for others than himself"). To

12 the extent Betancourt believes his wife currently lacks the capacity to pursue her own claims, a

13 guardian ad litem could be appointed for Martinez upon a proper showing of her incapacity.  However,

14 even a guardian ad litem—whether Betancourt or not— would also have to retain a lawyer.  *See Johns*

15 *v. County of San Diego*, 114 F. 3d 874, 877 (9th Cir. 1997); *see also AT&T Mobility, LLC v. Yeager*,

16 143 F.Supp.3d 1042, 1051 (E.D. Cal. 2015) ("if a guardian ad litem is not a lawyer, he or she must be

17 represented in turn by counsel" because "a non-lawyer 'has no authority to appear as an attorney for

18 others than himself'").  Because Betancourt has no authority to represent the claims of Martinez in this

19 action, his motion to represent his wife in the matter is denied.

20 **III.   Motion to Dismiss under Rule 12(b)(1)**

21     The district court is a court of limited jurisdiction and is empowered only to hear disputes

22 "authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

23 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The federal courts

24 are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z*

25 *Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).  Thus, a plaintiff carries the burden of

26 demonstrating the Court has subject matter jurisdiction.  *Kokkonen*, 511 U.S. at 377 (citing *McNutt v.*

27 *General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Vacek v. United States Postal Serv.*,

28 447 F.3d 1248, 1250 (9th Cir. 2006).

1    Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge a

2  claim for relief for lack of subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) "may

3  either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

4  existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics*

5  *Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)).  Thus, "[a]

6  jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by

7  presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir.

8  2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  The Ninth Circuit explained:

9       In a facial attack, the challenger asserts that the allegations contained in a complaint
        are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual
10      attack, the challenger disputes the truth of the allegations that, by themselves, would
        otherwise invoke federal jurisdiction.

11

12  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004).  On a motion to dismiss under

13  Rule 12(b)(1), the standards that must be applied by the Court vary according to the nature of the

14  jurisdictional challenge.

15    If a defendant presents a *facial* challenge to jurisdiction, the Court must presume the truth of

16  the plaintiff's factual allegations "and draw all reasonable inferences in his favor."  *Doe v. Holy*, 557

17  F.3d 1066, 1073 (9th Cir. 2009); *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036,

18  1039 n.1 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004).  The Court should not "assume the truth

19  of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining*

20  *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  However, the Court "may review evidence

21  beyond the complaint without converting the motion to dismiss into a motion for summary judgment"

22  when resolving a facial attack.  *Safe Air*, 373 F.3d at 1039.

23    On the other hand, if a defendant presents a *factual* challenge to the Court's jurisdiction, the

24  Court "may review any evidence, such as affidavits and testimony." *McCarthy v. United States*, 850

25  F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Warren*, 328 F.3d at 1139. If a

26  moving party presents a factual attack motion, "the party opposing the motion must furnish affidavits

27  or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*,

28  343 F.3d at 1039 n.2 (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).  Thus, the

4

1    burden of proof remains with a plaintiff, who has "an affirmative obligation to support jurisdictional

2    allegations with proof."  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016).

3           TPM notes that in the complaint, Betancourt indicated the Court has federal question

4    jurisdiction under the CARES Act and California AB 3088.  (Doc. 16 at 2, citing Doc. 1 at 4.)

5    However, TPM contends the Court does not have federal question jurisdiction under either statute.  (*Id.*

6    at 2-4.)  Thus, TPM makes a facial attack to the Court's jurisdiction.  *See Safe Air*, 373 F.3d at 1038.

7           **A.     The CARES Act**

8           The Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), was passed on

9    March 27, 2020, in response to the ongoing Covid-19 pandemic and the economic harm it caused.  *See*

10   *generally* Pub. L. 116-136, 134 Stat. 281 (2020).  Section 4024 of the CARES Act instituted a 120-day

11   prohibition on the initiation of eviction proceedings for rental properties receiving federal assistance or

12   financed through federally backed mortgage loans. *Id.*, § 4024(b)(1); *see also Elmsford Apartment*

13   *Assocs., LLC v. Cuomo,* 469 F. Supp. 3d 148, 157 (S.D.N.Y. 2020) ("The CARES Act provided

14   numerous forms of relief … including a prohibition against new eviction cases filed by housing

15   providers who participate in certain federal housing rental programs on the basis of non-payment of

16   rent.").  The CARES Act eviction moratorium also prohibited landlords from assessing "fees, penalties,

17   or other charges to the tenant related to [the] nonpayment of rent."  *Id.*, § 4024(b)(2).  Ultimately,

18   Congress did not renew the CARES Act, and the eviction moratorium for rental properties ended on

19   July 27, 2020.[2]

20          Significantly, courts have repeatedly determined the CARES Act did not create a private right

21   of action for violations.  *See Am. Video Duplicating, Inc. v. City Nat'l Bank*, 2020 WL 6882735, at \*5

22   (C.D. Cal. Nov. 20, 2020) ("Unsurprisingly, every court to address whether the CARES Act created an

23   implied private right of action has held that it does not"); *see also Radix Law PLC v. JPMorgan Chase*

24   *Bank N.A.*, 508 F. Supp. 3d 515, 520 (D. Ariz. 2020) (finding "no private right of action to enforce the

25   CARES Act"); Sport & Wheat, 479 F. Supp. 3d 1247, 2020 WL 4882416, at \*3 (N.D. Fl. 2020) ("The

26   CARES Act does not …  create a private right of action"); *Daniel T.A. Cotts PLLC v. Am. Bank, N.A.*,

27

28          [2] After the CARES Act moratorium ended, the CDC declared a moratorium on all residential evictions within
     jurisdictions not already covered by moratoriums imposed by states and local municipalities. 85 Fed. Reg. at 55292, 55297.

1  2021 WL 2196636, at *5 (S.D. Tex. Feb. 9, 2021) (observing "numerous district courts across the

2  county… hold that the CARES Act provides no private right of action"); *Shehan v. United States Dept.*

3  *of Justice*, 2020 WL 7711635, at *11 (S.D. Ohio Dec. 29, 2020) (noting the absence of any decision

4  "finding that the CARES Act creates any implied private right of action"). Because the CARES Act

5  provides no private right of action, the claim fails as a matter of law and Betancourt is unable to invoke

6  federal jurisdiction under the CARES Act.

7  **B.      California's Tenant Relief Act, AB 3088**

8  "On August 31, 2020, California Governor Gavin Newsom signed AB 3088, also known as the

9  Tenant Relief Act into law, providing state-wide protections for tenants and landlords in the face of

10  the ongoing coronavirus pandemic." *Mitchell v. Elliot Mgmt,*, 2021 Cal. Super. LEXIS 144801, at *8

11  (Orange County Superior Court, June 11, 2021). AB 3088 was then codified in the California Code of

12  Civil Procedure, §§ 1179.04-1179.07.  TPM argues that as a state law, AB 3088 "does not confer

13  federal jurisdiction."  (Doc. 16 at 3-4.)

14  Betancourt does not identify a basis for federal subject matter jurisdiction under AB 3088 and

15  the codified in the California Code of Civil Procedure, and the Court has located none.  Accordingly,

16  Betancourt fails to show this Court has jurisdiction based upon AB 3088.[3]

17  **IV.     Motion to Dismiss under 12(b)(6)**

18  TPM also seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (*See*

19  Doc. 16 at 1.)  Because the Court lacks subject matter jurisdiction over the CARES Act claim, and

20  declines supplemental jurisdiction over any AB 3088 claim, the motion to dismiss pursuant to Rule

21  12(b)(6) was rendered moot. Accordingly, the Court will not address the arguments made with respect

22  to that aspect of the motion.

23  **V.      Leave to Amend**

24  Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely

25  given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate

26

27  [3] The Court declines to exercise supplemental jurisdiction over a claim related to a violation of AB 3088, because the Court has no subject matter jurisdiction over the claim under the CARES Act.  *See Sanford v. MemberWorks, Inc.,* 625

28  F.3d 550, 561 (9th Cir. 2010); 28 U.S.C. § 1367(c)(3).

6

1    decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122,

2    1127 (9th Cir. 2000) (alterations, internal quotation marks omitted).  When dismissing a complaint for

3    failure to state a claim, "a district court should grant leave to amend even if no request to amend the

4    pleading was made, unless it determines that the pleading could not possibly be cured by the allegation

5    of other facts." *Id*. at 1130 (internal quotation marks omitted).  Leave to amend generally shall be

6    denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or

7    be futile, or if the moving party has acted in bad faith.  *Leadsinger, Inc. v. BMG Music Publishing*,

8    512 F.3d 522, 532 (9th Cir. 2008).  Here, Betancourt did not request leave to amend.  Nevertheless, it

9    appears any leave to amend would be futile because there is no private right of action under the

10   CARES Act and such a deficiency cannot be cured by amendment.  Accordingly, leave to amend will

11   be denied.

12   **VI.     Conclusion and Order**

13          Betancourt failed to carry the burden to show this Court has federal question jurisdiction over

14   claims arising under the CARES Act and California's Tenant Relief Act.  Based upon the foregoing,

15   the Court **ORDERS**:

16          1.      Plaintiff's motion to represent his wife (Doc. 20) is **DENIED**.

17          2.      Defendant's motion to dismiss (Doc. 16) is **GRANTED**.

18          3.      The action is **DISMISSED** without prejudice for lack of jurisdiction.

19          4.      The Clerk of Court is directed to close this matter.

20

21   IT IS SO ORDERED.

22      Dated:    **June 30, 2022**

23                                                        UNITED STATES DISTRICT JUDGE

24

25

26

27

28